**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL NO. 2:20-CR-17 (2) |
| | : | |
| v. | : | |
| | : | |
| LARRY J. WILLIAMS, JR. | : | JUDGE MICHAEL H. WATSON |
| | : | |

**TRIAL STIPULATIONS**

The below parties jointly stipulate and agree that the following facts are true and correct, and that they may be read in whole or in part to the jury at the appropriate time during trial.

**A. JAIL CALLS**

During this investigation, law enforcement officers obtained jail phone calls from the Defendant. The parties agree that the jail calls identified below are authentic records. The Defendant reserves the right to object to the admissibility and/or publication of some or all of these records on other grounds but agree that the records are authentic and not hearsay (as to the records themselves).

Government Exhibit L3

Government Exhibit L4

Government Exhibit L5

**B. CALL DETAIL RECORDS/ SUBSRCRIBER INFORMATION**

During this investigation, law enforcement officers obtained multiple sets of call detail records related to the Defendant and various witnesses. These records included records from Sprint and/or T-Mobile and/or Verizon. If called, the custodian of records would testify that: (i) the

records were made at or near the time of the account activity by—or from information transmitted by—someone with knowledge; (ii) the records were kept in the course of Sprint and/or T-Mobile and/or Verizon's regularly conducted business activity; and (iii) making the records was a regular practice of Sprint and/or T-Mobile and/or Verizon.

The parties agree that those records, identified below, are authentic records of a regularly conducted business activity, pursuant to Federal Rule of Evidence 803(6). The defendant reserves the right to object to the admissibility and/or publication of some or all of these records on other grounds but agree that the records are authentic and not hearsay (as to the records themselves).

| | |
|---|---|
| Government Exhibit 55b | Records related to Kyle Castle |

### C. CELL PHONE LOCATION DATA

During this investigation, law enforcement officers obtained the records for multiple cell phone accounts from cell phone carriers, including location data. If called, a custodian of records from each cell phone carrier would testify that: (i) the records were made at or near the time of the account activity by—or from information transmitted by—someone with knowledge; (ii) the records were kept in the course of the carrier's regularly conducted business activity; and (iii) making the records was a regular practice of the carrier.

The parties agree that those cell phone records, identified below, are authentic records of a regularly conducted business activity, pursuant to Federal Rule of Evidence 803(6). The defendant reserves the right to object to the admissibility and/or publication of some or all of these records on other grounds but agree that the records are authentic and not hearsay.

| | |
|---|---|
| Government Exhibit F56 | Records related to Brian Muncy |
| Government Exhibit F55 | Records related to Kyle Castle |

   Government Exhibit F57   Records related to Heather Ellis

## D. CELL PHONE EXTRACTION REPORTS

During this investigation, law enforcement officers obtained possession of several cell phones during the execution of federal search warrants and by other means. If called, a qualified law-enforcement witness would testify that: (i) the contents of those cell phones and any attached storage medium(s) were copied in a manner to ensure that they are true duplicates of the original records; (ii) the process or system for copying those records is regularly verified by the relevant law-enforcement agency, and at all times pertinent to the cell phone extraction reports identified below, that process functioned properly and normally; and (iii) the resulting extraction report for each cell phone reflects a true and accurate duplicate of the contents of that phone and any attached storage medium(s).

The parties agree that the cell phone extraction reports, identified below, contain authentic duplicates of the contents of the relevant cell phone and any attached storage medium(s). The defendant reserves the right to object to the admissibility and/or publication of some or all of these records on other grounds but agrees that the records are authentic and not hearsay (as to the records themselves).

   Government Exhibit L7   Text message from Cell Phone Extraction Report for Government Stephanie Bouphavong.

## E. DNA BUCCAL SWABS

During the investigation, DNA samples were collected from several individuals to determine the identity of the bodies found at 2448 Sullivant Avenue, Columbus, Ohio on January 13, 2021. For this purpose, the parties agree that the DNA buccal swabs of Deborah Lancaster and Nicholas Watson were collected by law enforcement for further comparison by forensic

scientists.

After the above- listed DNA buccal swabs were collected by law enforcement, the parties agree that they were submitted to BCI for testing and analysis. If Logan Schepleler were called to testify, she would testify that she is a Forensic Scientist at BCI in the DNA section, and in that capacity, she compared DNA extracted from the molars of Tera Pennington and Henry Watson to the DNA buccal swabs of Nicholas Watson and Deborah Lancaster. Logan Schepeler would have testified that based on her analysis she was able to identify to a reasonable degree of scientific certainty that the molars belonged to Henry Watson and Tera Pennington.

| | |
|---|---|
| Government Exhibit K1 | DNA report identifying Henry Watson |
| Government Exhibit K2 | DNA report identifying Tera Pennington |

### F. IDENTIFICATION OF CONNOR REYNOLDS, HENRY WATSON AND TERA PENNINGTON

The parties agree that the individual in Count Two and Count Four is identified as Connor Reynolds. Connor Reynolds is the subject of the autopsy report and photos contained in Government Exhibit F53 and Government Exhibits F54a, F54b, F54c, F54d, F54e, F54f, F54g, F54h, and F54i.

The parties agree that the individual in Count Six and Count Eight is identified as Henry Watson. Henry Watson is the subject of the autopsy report and photos contained in Government Exhibit J1 and Government Exhibits J1a, J1b, J1c, J1d, J1f, J1g, J1h, J1i, J1j.

The parties agree that the individual in Count Seven and Nine is identified as Tera Pennington. Tera Pennington is the subject of the autopsy report and photos in Government Exhibit J2 and Government Exhibits J2a, J2b, J2c, J2d, J2g, J2h, J2i, J2j, J2k.

### G. METHAMPHETAMINE PURITY

The parties agree that if Julia Mejia were called to testify, she would testify to the following: She is a Senior Forensic Chemist, for the Drug Enforcement Administration (DEA) in Quantico, Virginia. Forensic Chemist Mejia has been employed by the DEA since August 2017.

She would testify that Government Exhibit A14a is a true and accurate copy of her original report and to the findings contained therein. She would testify that she analyzed the methamphetamine hydrochloride in Government Exhibit A3.2 for purity and found the substance purity to be 100 % + or – 6%. She would further testify that Government Exhibit A14b is a true and accurate copy of her original report and to the findings contained therein. She would testify that she analyzed the methamphetamine hydrochloride in Government Exhibit C1a for purity and found the substance purity to be 99% + or – 6%. She would testify that Government Exhibit A3.2 and C1a are both in the same or substantially same condition as when she last saw them. Lastly, she would testify that her findings are within a reasonable degree of scientific certainty.

### H. CONTROLLED SUBSTANCES LAB REPORTS AND TESTIMONY OF FORENSIC CHEMISTS

The parties stipulate to the authenticity and admissibility and results of the following Government Exhibits regarding the testing of the controlled substances seized in this case:

1. Government Exhibit A11 – If Forensic Chemist Stanton Wheasler of BCI were called to testify, he would testify that he examined the suspected controlled substances seized at 121 Stevens Avenue on November 14, 2019. He would further testify that Government Exhibit A11 is a true and accurate copy of his original report and includes his opinions and findings as to the identification and weights of the substances seized.

2. Government Exhibit B20 - If Forensic Chemist Pamela Farley of BCI were called to testify, she would testify that she examined the suspected controlled substances seized at 4594 Ava Point on

5

November 21, 2019. She would further testify that Government Exhibit B20 is a true and accurate copy of her original report and includes her opinions and findings as to the identification and weights of the substances seized.

3. <u>Government Exhibit B21</u> - If Forensic Chemist Jessica Kaiser of BCI were called to testify, she would testify that she examined the suspected controlled substances seized at 4594 Ava Point on November 21, 2019. She would further testify that Government Exhibit B21 is a true and accurate copy of her original report and includes her opinions and findings as to the identification and weights of the substances seized.

4. <u>Government Exhibit D3</u> - If Forensic Chemist Krystal Soles of BCI were called to testify, she would testify that she examined the suspected controlled substances seized at 669 Kellner Road on November 21, 2019. She would further testify that Government Exhibit D3 is a true and accurate copy of her original report and includes her opinions and findings as to the identification and weights of the substances seized.

5. <u>Government Exhibit D4</u> - If Forensic Chemist Delana Brundage-Edwards of DEA were called to testify, she would testify that she examined the methamphetamine seized at 669 Kellner Road on November 21, 2019, to determine purity of the substance. She would further testify that Government Exhibit D4 is a true and accurate copy of her original report and includes her opinions and findings as to the purity of the methamphetamine seized.

## I. <u>WILLIAMS INCARCERATION DATES</u>

The parties agree that Larry Williams, Jr., was incarcerated on an unrelated state case between the dates of November 19, 2018, through May 15, 2019, without interruption.

### J. WILLIAMS HEIGHT AND WEIGHT

The parties agree that as supported by records, as of November of 2018, Williams' height was 6 foot 3 inches, and his weight was 210 pounds.

### K. 129 STEVENS AVENUE

The parties agree that according to the Franklin County Auditor's official web site, 129 Stevens Avenue was built in 1955.

### L. LATENT PRINT REPORT

The parties stipulate to the authenticity and admissibility and results of the following Government Exhibit regarding the testing of the controlled substances seized in this case:

<u>Government Exhibit B22</u> – If Forensic Scientist Ashley Owen were called to testify, she would testify that she examined the plastic bags containing unknown substances collected from 4594 Ava Point on November 19, 2024. These items are Government Exhibits B10, B11, B12, B13, B14 and B15. She would further testify that she used visual as well as superglue fuming to attempt to recover latent prints on the plastic bags. Government Exhibit B22 is a true and accurate copy of her original report and includes her findings as to the either negative finding or insufficient finding.

### M. FIREARMS TRACE

The parties agree that firearms traces were performed on Government Exhibit F26 and Government Exhibit F34.

The trace summary confirms that Government Exhibit F26, a HS PRODUKT, Model XDM, 45 caliber pistol bearing serial number MG657495 was purchased by Connor Reynolds on April 12, 2018, and recovered at 847 E.N. Broadway on June 27, 2018.

The trace summary confirms that Government Exhibit F34, a Smith & Wesson, Model SD40VE, 40 caliber pistol bearing serial number FWR8685 was purchased by Adrianne Bourne

7

on November 27, 2016, and recovered in the grass across from 3222 Eisenhower Road on June 27, 2018.

### N. LARRY WILLIAMS ORAL STANDARD

The parties agree that on February 11, 2021, investigators obtained two DNA buccal swabs from the defendant, Larry Williams. These swabs, marked as Government Exhibit A16, were turned into the Columbus Police Crime Lab for possible analysis.

**SIGNED AND EXECUTED BY:**

*s/ Gregory S. Peterson*_____  
GREGORY S. PETERSON (0061915)  
Attorney for Larry Williams

*s/ Timothy D Prichard*_____  
TIMOTHY D. PRICHARD (0059455)  
Assistant United States Attorney

*s/ Diane Menashe*_____  
DIANE MENASHE (0070305)  
Attorney for Larry Williams

*s/ Elizabeth A. Geraghty*_____  
ELIZABETH A. GERAGHTY (0072275)  
Assistant United States Attorney